UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**VELINE HICKS,**

                         **Plaintiff,**

      v.                                                 5:17-CV-475
                                                            (TJM/ATB)

**POLICE OFFICER DAVID CRAW, and**
**POLICE OFFICER DAVID HART,**

                         **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


## DECISION & ORDER

Defendants move for reconsideration, dkt. # 55, of the Court's Order denying their motion for summary judgment.. See dkt. # 54. Defendants argue that the Court ignored or misstated facts that should have entitled them to qualified immunity. Plaintiff opposes the motion.

This case concerns events that occurred on May 15, 2014 in the City of Syracuse, New York. On that date, at approximately 12:50 a.m., Defendants David Craw and David Hart, Officers in the Syracuse Police Department, attempted to arrest the Plaintiff. He fled. Plaintiff alleges that Defendants violated his constitutional rights by using excessive force to take him into custody.

The Defendants filed a motion for summary judgment. See dkt. # . After the parties briefed the issues, the Court denied that motion. The Court concluded that sufficient

1

evidence existed for a jury to conclude that Defendants used excessive force. The Court also found that, if the jury found the facts as alleged by the Plaintiffs in his deposition true, the constitutional right that Defendants allegedly violated would have been clearly established. As such, the Court found that qualified immunity did not apply at the summary judgment stage. Defendants could, of course, raise that issue at an appropriate time during trial.

Defendants have filed a motion for reconsideration, contending that the Court erred in failing to find them entitled to qualified immunity. They allege that the facts do not support a finding then that Defendants were not entitled to qualified immunity because the undisputed facts establish that Plaintiff attempted to crawl away from officers as they tried to arrest him, refused to show his hands when officers approached his car, and had fled and led officers on a high speed chase. Those allegedly undisputed facts also establish, Defendants claim, that they reasonably believed that their use of force did not violate Plaintiff's rights.

When a party files a motion for reconsideration, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple[.]'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 41 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)).

2

The Court will deny the Defendants' motion.  The Court considered the facts that Defendants point to now when deciding the summary judgment motion and concluded they merited neither summary judgment nor qualified immunity.  Defendants have not pointed to new facts unavailable to the Court at the time of that decision, but have instead argued that the Court misinterpreted facts and made too many inferences in Plaintiff's behavior when denying the motion.  The Court disagrees.  Defendants' motion is simply an attempt to argue the same issues again and convince the Court to reach a different conclusion.  As that argument is not one for reconsideration, the Defendants' motion must fail.

For the reasons stated above, the Court will DENY the Defendants' motion for reconsideration, dkt. # 55.

**IT IS SO ORDERED.**

**DATED: March 31, 2020**

Thomas J. McAvoy
Senior, U.S. District Judge